IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HERBERT L. JOSEPH II,<br><br>　　　　　　Plaintiff,<br><br>　vs.<br><br>ALLEGHENY COUNTY AIRPORT AUTHORITY, ALLEGHENY COUNTY AIRPORT POLICE, CITIZENS BANK and CITY OF PITTSBURGH POLICE,<br><br>　　　　　　Defendants. | Civil Action No. 2:18-cv-752-DWA |

**DEFENDANT CITIZENS BANK'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT**

Defendant Citizens Bank ("Citizens") by and through its undersigned counsel, Reed Smith LLP, respectfully submits this Opposition to Plaintiff's Motion for Leave to Amend Complaint (Dkt. No. 22) ("Motion")).

### I.   INTRODUCTION

In his Motion, Plaintiff requests 45 to 90 days' time to file an amended complaint due to his alleged history of brain injuries and inability to obtain legal counsel to represent him in this case.[1] While Citizens is sympathetic to Plaintiff's health issues, Citizens must oppose Plaintiff's motion to the extent Plaintiff seeks leave to amend his Complaint as to Citizens. Such amendment would be futile because Plaintiff has not alleged, and cannot allege, any cognizable cause of action against Citizens. Accordingly, as to Citizens, Plaintiff's request to amend his Complaint should be denied.

---

1   Plaintiff filed his Motion after his deadlines to respond to two defendants' motions to dismiss had passed, *see* Dkt. Nos. 14, 17, and a day prior to his deadline to respond to Citizens' motion to dismiss, *see* Dkt. No. 20.

## II. PLAINTIFF'S AMENDMENT AS TO CITIZENS WOULD BE FUTILE

Citizens' entire alleged involvement in this matter is that it requested a welfare check on Plaintiff after speaking with Plaintiff on the phone. Compl. ¶ IX.[2] Those allegations are not a basis for liability.

Futility of amendment is a well-recognized basis for denying leave to amend. *See Forman v. Davis*, 371 U.S. 178, 83 (1962). An amendment is futile if "the amended complaint would not survive a motion to dismiss for failure to state a claim upon which relief could be granted." *Alvin v. Suzuki*, 227 F.3d 107, 121 (3d Cir. 2000).

Nowhere in his Motion does Plaintiff explain how any amendment would salvage his Complaint as to Citizens. As explained in Citizens' Motion to Dismiss, Plaintiff does not (and cannot): identify what rights Citizens allegedly violated by requesting a welfare check on him; cite any statute or common law theory that would provide a cause of action for such conduct; or allege facts to support his legal conclusion that Citizens somehow caused him monetary harm. *See* Mem. of Law in Supp. of Mot. to Dismiss (Dkt. No. 19) at pp. 4-8. Instead, Plaintiff's dispute is with other Defendants about whom he details a long history of alleged interference with his limousine business. *See* Compl. ¶¶ VII-VIII, X-XI.

## III. CONCLUSION

For the foregoing reasons, Citizens respectfully requests that this Honorable Court deny Plaintiff's Motion to the extent Plaintiff seeks to amend his Complaint as to Citizens. Such an amendment would be futile.

---

[2] Plaintiff's allegations are taken as true solely for purposes of Citizens' pending Rule 12 motion. *See Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).

Dated:  October 9, 2018

               Respectfully submitted,

               **REED SMITH LLP**

           By: */s/ Ginevra F. Ventre*
              Ginevra F. Ventre (PA I.D. 316897)
              gventre@reedsmith.com

              225 Fifth Avenue, Suite 1200
              Pittsburgh, PA  15222
              Telephone:  412-288-3131
              Facsimile:  412-288-3063

              *Counsel for Defendant Citizens Bank*

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 9, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to counsel or parties of record electronically by CM/ECF. Notice has also been sent via U.S. Mail, first-class postage prepaid to:

>Herbert L. Joseph, II
>432 Parkwood Road
>Pittsburgh, PA 15210
>*Pro Se Plaintiff*

>*/s/ Ginevra F. Ventre*
>Ginevra F. Ventre
>
>*Counsel for Defendant Citizens Bank*