IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

HERBERT L. JOSEPH, III )
 )
    Plaintiff, ) No. 18-752
 )
v. )
 )
ALLEGHENY COUNTY AIRPORT
AUTHORITY, ALLEGHENY COUNTY
AIRPORT POLICE, CITY OF
PITTSBURGH POLICE,
and CITIZENS BANK,

    Defendants.

## OPINION AND ORDER

## SYNOPSIS

In this civil action, Plaintiff, acting pro se, brings claims against Defendant that sound in constitutional tort. In response to Motions to Dismiss Plaintiff's initial Complaint, Plaintiff amended his pleading. Plaintiff's First Amended Complaint ("Amended Complaint") avers that Defendant Allegheny County Airport Authority ("Airport") issued a "no trespass" notice against Plaintiff's entity, J.N. Limousine, and has mistreated Plaintiff for several decades. The notice, Plaintiff contends, was carried out with the aid of the Allegheny County Airport Police ("County Police"). He further alleges that the City of Pittsburgh Police ("City Police") violated his civil rights, when an officer went to Plaintiff's home and stated that he was performing a welfare check for Citizen's Bank ("Citizens"), disparaged Plaintiff's credentials as a licensed limousine operator, and "secreted away" Plaintiff's limousine on the back of a tow truck. As regards Citizens, Plaintiff asserts that the conduct of the City Police was designed to deter Plaintiff from complaining to Citizens Bank regarding overdraft charges. Further, Plaintiff suggests that he has been subjected to traffic stops, and that all Defendants conspired against him.

1

All Defendants have filed Motions to Dismiss, and Plaintiff has responded thereto. For the following reasons, Defendants' Motions will be granted, and Plaintiff's Amended Complaint dismissed without prejudice.

**OPINION**

**I.  APPLICABLE STANDARDS**

In deciding a motion to dismiss, all factual allegations, and all reasonable inferences therefrom, must be accepted as true and viewed in a light most favorable to the plaintiff. Kamdem-Ouaffo v. Task Mgmt., No. 17-7506, 2018 U.S. Dist. LEXIS 113899, at *19 (D.N.J. July 9, 2018). A claim is plausible on its face, and not subject to dismissal, "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, __U.S.__, 129 S. Ct 1937, 1949, 173 L. Ed. 2d 868 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). While "[t]he plausibility standard is not akin to a 'probability requirement' ... it asks for more than a sheer possibility...." Id. at 949.

A motion to dismiss will be granted if the plaintiff has not articulated facts sufficient to "raise a right to relief above the speculative level." Bangura v. City of Philadelphia, 338 Fed. Appx. 261 (3d Cir. 2009) (citing Twombly, 127 S. Ct. at 1965). "[A] complaint must do more than allege the plaintiff's entitlement to relief. . . [it] has to 'show' such an entitlement with its facts." Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009). Further, "for this purpose the court does not consider conclusory recitations of law." Commonwealth of Pennsylvania v. PepsiCo, Inc., 836 F.2d 173, 179 (3d Cir. 1988). Overall, a claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief" in

order to provide "the defendant fair notice of what the … claim is and the grounds upon which it rests." Twombly, 127 S. Ct. at 1964-65.

> To determine the sufficiency of a complaint, a court must take three steps. First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." Third, "whe[n] there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief."

Malleus v. George, 641 F.3d 560, 563 (3d Cir. 2011) (citations omitted) (quoting Iqbal, 556 U.S. 662, 664).

If a complaint is subject to a Rule 12(b)(6) dismissal, I must permit a curative amendment unless an amendment would be inequitable or futile. Spell v. Allegheny Cnty. Admin., No. 14-1403, 2015 U.S. Dist. LEXIS 36903, at *8 (W.D. Pa. Mar. 23, 2015).

Alongside these standards, it is axiomatic that pro se litigants are entitled to relatively lenient and review of their submissions. Such litigants, however, are not excused from complying with Twombly and the federal pleading requirements. Thakar v. Tan, 372 F. App'x 325, 328 (3d Cir. 2010). Instead, pro se litigants must still must allege sufficient facts in their complaints to support a claim. Mala v. Crown Bay Marina, Inc., 704 F.3d 239, 245 (3d Cir. 2013).

## II. DEFENDANTS' MOTIONS

### A. CITIZENS

Defendant Citizens challenges Plaintiff's jurisdictional allegations, both under subject matter and diversity principles. Plaintiff's pro se Amended Complaint states his intention to assert federal constitutional claims, with, for example, specific reference to the rights of free speech and to life, liberty, and happiness. Without assessing subject matter jurisdiction

3

regarding each portion of this pro se pleading, the Court will consider subject matter jurisdiction satisfied, overall and for present purposes.

Citizens, however, further contends that Plaintiff has failed to assert a cognizable cause of action against it. To the extent that Plaintiff intends to assert constitutional claims, such claims would appear to arise under 42 U.S.C. § 1983.[1] Section 1983 requires a plaintiff to demonstrate that he was deprived of a federal right, and that the person who deprived him of that right was acting under color of state law. Groman v. Township of Manalapan, 47 F.3d 628, 633 (3d Cir. 2005). With regard to free speech rights and pertinent to Plaintiff's allegations against the City Police and Airport Authority, "it would 'trivialize the First Amendment to hold that harassment for exercising the right of free speech was always actionable no matter how unlikely to deter a person of ordinary firmness from that exercise.'" Bart v. Telford, 677 F.2d 622, 625 (7th Cir. 1982). As regards conspiracy, a prima facie case requires "facts establishing a combination, agreement, or understanding among all or between any of the defendants to plot, plan or conspire to carry out the alleged chain of events. … Mere suspicion or speculation are not sufficient to state a conspiracy claim." Gay v. City of Phila., No. 03-5358, 2005 U.S. Dist. LEXIS 15840, at *18-19 (E.D. Pa. Aug. 2, 2005) (citations omitted).

The entirety of Plaintiff's factual assertions against Citizens are that a police officer, "peering" through Plaintiff's windows, stated that he was performing a welfare check for Citizens. Plaintiff further avers that Citizens' conduct – impliedly, requesting that police perform a welfare check -- was designed to harass him, so that he would be deterred from

---

[1] Plaintiff's Amended Complaint does not evince an intent to bring non-constitutional claims. Nonetheless, the Court notes that "most courts that have addressed this issue have declined to recognize claims for harassment and/or prima facie tort in Pennsylvania." Utz v. Johnson, No. 04-0437, 2004 U.S. Dist. LEXIS 11551, at *5 (E.D. Pa. June 16, 2004). Further, Plaintiff's response possibly suggests an intention to bring a state law breach of contract claim against the Airport Authority. The Court perceives no such action pleaded in the Amended Complaint.

4

complaining about overdraft charges. Plaintiff suggests that Defendant's conduct put him in danger, due to the possible use of deadly force by the City Police during the welfare check. Specifically, he alleged that Citizens placed "a Negro Indian in a compromising situation where a likely 'mistake' would result in plaintiff's demise." He suggests this possibility because "many persons resembling plaintiff have found death at the hands of a 'mistake' by the police." He does not allege that any such mistake occurred, or that the officer in question did anything other than peer through a window and state his purpose.

Accordingly, Plaintiff's Amended Complaint against Citizens does not plead sufficient facts to assert a plausible claim against that Defendant. Initially, Defendant does not suggest that Citizens, a bank, acted or should be deemed to have acted under color of state law. Bare, conclusory allegations of conspiracy are not enough, either to establish state action or to plead a claim for conspiracy. Further, Plaintiff identifies no circumstantial or direct facts that would support his conclusory assertions that Citizens alleged conduct was aimed at silencing him, and that Citizen's never engages in similar conduct when dealing with other ethnicities. The alleged deterrent effect, Plaintiff suggests, stems from the possibility of police misconduct, which Plaintiff grounds in sweeping generalizations. The requisite chain connecting Citizens to the City Police to speech deterrence is too tenuous to survive <u>Twombly</u> and <u>Iqbal</u>. That harm has been done to non-party persons by non-party police in the past, no matter how egregious or unjust those situations, simply does not create a cause of action for this Plaintiff under the facts alleged. Plaintiff's speculative averments, while colorfully expressed, simply do not meet the minimum plausibility standards set by Rule 12(b)(6).

**B. AIRPORT AUTHORITY**

Next, Defendant Airport Authority challenges Plaintiff's Amended Complaint on grounds that it fails to plead sufficient facts to support a claim. Plaintiff asserts only that the Airport Authority issued a "no trespass" notice against his business entity, which notice "infringed on Plaintiff's rights" and was carried out with the aid of the Allegheny County Police. Plaintiff also broadly asserts that the Airport Authority has mistreated him "for several decades," and alleges "all manner of debauchery and derring-do" by this Defendant. These allegations do not give rise to the level of plausibility that Twombly and Iqbal require. The Amended Complaint does not, for example, suggest which "rights" the "no trespass" notice is alleged to have violated. Alleging decades of unspecified mistreatment, debauchery, and derring-do does not place Defendant on notice of its alleged wrongdoing. Even Plaintiff's response, which suggests that his insurer indicated that he was treated differently than another one of her clients, does not sufficiently plead a constitutional violation.

Additionally, Defendant claims immunity from suit under Pennsylvania's Political Subdivision Tort Claims Act ("PSTCA"), 42 Pa.C.S. §§ 8541-41. The Allegheny County Airport Authority has been held immune under the PSTCA. Anthony Holdings Int'l, Inc. v. Allegheny Cnty., No. 11-006530, 2011 Pa. Dist. & Cnty. Dec. LEXIS 412, at *4 (C.P. Nov. 21, 2011); see also Bullard v. Lehigh-Northampton Airport Auth., 668 A.2d 223, 226 (Pa. Commw. Ct. 1995). While Plaintiff's response to Defendant's Motion suggests an intent to rely on the PSTCA's negligence exception, his Amended Complaint clearly avers intentional, rather than negligent, conduct. Plaintiff states, in conclusory fashion, that his complaint arises from negligence with respect to the operation of a motor vehicle – apparently, Plaintiff's limousine-- within the control of the Airport Authority. The Section of the PTSCA to which Plaintiff refers, however, is

patently inapplicable to his allegations, which do not involve vehicular negligence of the type covered by that Section. See Pa. C.S. A. 8542(b).

As a final matter, as Plaintiff is aware, this Court has previously held that "in order for the [Airport Authority] to be liable, Joseph would have to show that it had an established policy or custom that resulted in the alleged constitutional violation at issue." Joseph v. Allegheny Cnty. Airport Auth., 152 F. App'x 121, 123 (3d Cir. 2005). [2] "That is, a plaintiff must allege facts to show that "(1) an unconstitutional policy or custom (2) attributable to the municipality (3) caused an official to inflict a constitutional injury upon the plaintiff.'" Mahmoud v. City of Paterson, 611 Fed. Appx. 95, 2015 U.S. App. LEXIS 7542, 2015 WL 2114154, at *2 (3d Cir. May 7, 2015) (citing Monell v. Dep't of Soc. Servs., 436 U.S. 658, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978)). It is not sufficient "to allege the mere existence of such a policy or custom." Abdallah v. City of Paterson, No. 16-4660, 2017 U.S. Dist. LEXIS 82135, at *9 (D.N.J. May 26, 2017).

> While Plaintiffs need not plead detailed facts regarding the alleged policy, custom, or practice, they must, in the very least, plead facts that: (a) put Defendants on notice with regard to the basis for the alleged policy, custom, or practice; and (b) "show" that she is entitled to relief as a result of that policy, custom, or practice.

James v. City of Wilkes-Barre Wright Twp., No. 10-1534, 2011 U.S. Dist. LEXIS 90674, at *22 (M.D. Pa. June 10, 2011). Plaintiff's Amended Complaint does not sufficiently allege a policy or custom, and thus is deficient in this regard.

---

[2] Years ago, Plaintiff filed suit against the Airport Authority, the Airport Police, and other defendants, for alleged civil rights violations related to a trespass notice. The matter was disposed of on summary judgment, and the Court of Appeals affirmed. See, e.g., Joseph v. Allegheny Cnty. Airport Auth., 152 F. App'x 121 (3d Cir. 2005).

### C. COUNTY POLICE

The Defendant County Police challenges the Amended Complaint, based on the failure to plead sufficient facts, failure to identify a cognizable cause of action, and immunity based on the PSTCA. Plaintiff avers that the "no trespass" notice that "infringed upon Plaintiff's rights" was carried out "with the aid of" the County Police. He further avers that the County Police "posed…a threat against plaintiff's lawful right" to operate a business. These broad and conclusory allegations, which indicate neither the County Police's alleged conduct nor the legal rights asserted, do not raise the entitlement to relief above a speculative level. Likewise, given the lack of particular allegations regarding conduct of the Airport Police, the Amended Complaint fails to afford this Defendant fair notice of the nature of the claims against it.[3]

### D. CITY POLICE

As discussed supra, Plaintiff's Amended Complaint alleges that an officer peered through his window and stated that he was performing a welfare check for Citizen's, thus somehow placing Plaintiff in a situation of potential physical danger. Plaintiff further alleges that the City Police "disparaged [his] credentials as a licensed Limousine operator on numerous occasions," and that such behavior is "only reserved" for people similarly situated to Plaintiff. The City Police, Plaintiff says, also "secret[ed] plaintiff's limousine away on the back of a tow truck." Plaintiff states that officers, "on other occasions," would not write an incident report when Plaintiff was wronged by limousine patrons. Plaintiff does not allege that the towing of the limousine or failure to write incident reports violated the Constitution.

---

[3] The Airport Police also claims immunity under the PTSCA. It points neither to judicial authority specifically holding it immune, nor to support for its assertions regarding its status as a sub-unit of Allegheny County. At this juncture, I do not resolve the issue of the Airport Police's immunity.

8

In the first instance, absent any indication regarding the dates of the City Police's alleged conduct, the Amended Complaint is too vague to allow Defendant to frame a defense. In addition, without more, the mere presence of a police officer as alleged here does not create a legally actionable threat of physical harm. Moreover, Plaintiff's factual allegations do not appear to support a federal claim against this Defendant, as his claim sounding in equal protection rests only on alleged disparagement. "[t]here is no cause of action for simple negligence… libel, or slander under 42 U.S.C. 1983, which requires a violation of federal law. .. Such claims are matters of state tort law." Love v. Werholtz, No. 06-3210, 2007 U.S. Dist. LEXIS 31732, at *4-5 (D. Kan. Apr. 27, 2007).[4]

Additionally, a civil rights suit against a city police department is, in the eyes of the law, a suit against the city; there is no respondeat superior liability. Therefore, it is well-settled liability must be based on Monell and an official policy or custom. Plaintiff's Amended Complaint is devoid of allegations of an official policy, custom, or practice, or a causal link between alleged constitutional violations and an official custom or policy. As a related matter, local police departments, including that of the City of Pittsburgh, are not proper defendants in a Section 1983 action. Smierciak v. City of Pittsburgh Police Dep't, No. 18-00734, 2018 U.S. Dist. LEXIS 216282, at *11 (W.D. Pa. Dec. 26, 2018). For all of the foregoing reasons, Plaintiff's claim against the City Police must be dismissed.

## CONCLUSION

In conclusion, Plaintiff's Amended Complaint will be dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). The dismissal is without prejudice to Plaintiff to file

---

[4] Because Plaintiff's Amended Complaint plainly asserts federal civil rights claims, this Court does not separately assess the sufficiency of Plaintiff's allegations in terms of potentially implicated state law claims. To the extent that any such claims are intended, because Plaintiff's federal claims will be dismissed, the Court declines to exercise supplemental jurisdiction over potential state claims. 28 U.S.C. § 1367(c).

a second amended pleading, within three weeks, in an effort to cure the defects identified herein. An appropriate Order follows.

BY THE COURT:

/s/ Donetta W. Ambrose
_____

Donetta W. Ambrose

Senior Judge, U.S. District Court

Dated: February 15, 2019

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HERBERT L. JOSEPH, III | ) |
| | ) |
| Plaintiff, | ) No. 18-752 |
| | ) |
| v. | ) |
| | ) |
| ALLEGHENY COUNTY AIRPORT AUTHORITY, ALLEGHENY COUNTY AIRPORT POLICE, CITY OF PITTSBURGH POLICE, and CITIZENS BANK, | ) |
| | |
| Defendants. | |

**ORDER**

AND NOW, this 15th day of February, 2019, it is hereby ORDERED, ADJUDGED, and DECREED that Defendants' Motions to Dismiss [32] [35] [38] [44] are GRANTED, without prejudice to file a second amended complaint in an effort to cure the defects identified in the foregoing Opinion. Plaintiff may file such pleading within twenty-one (21) days of the date of this Order.

BY THE COURT:

_Donetta F. Ambrose_
_____

Donetta W. Ambrose