IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HERBERT L. JOSEPH, III | ) |
| | ) |
| Plaintiff, | ) No. 18-752 |
| | ) |
| v. | ) |
| | ) |
| ALLEGHENY COUNTY AIRPORT AUTHORITY, ALLEGHENY COUNTY AIRPORT POLICE, CITY OF PITTSBURGH POLICE, and CITIZENS BANK, | |
| Defendants. | |

**OPINION AND ORDER**

**SYNOPSIS**

In this civil action, Plaintiff, acting pro se, brings claims against Defendants that sound in constitutional tort. In response to Motions to Dismiss Plaintiff's initial Complaint, Plaintiff filed an Amended Complaint. Defendants filed Motions to Dismiss the Amended Complaint, which the Court granted without prejudice by Opinion and Order dated February 15, 2019 ("February 15 Order"). Subsequently, Plaintiff filed a Second Amended Complaint and New Matter. The following day, he filed a Motion for Leave to File a Third Amended Complaint, seeking to join two additional parties, Fairmont Hotel and Progressive Insurance Company ("Progressive").

The Court ordered Defendants to respond to Plaintiff's Motion for Leave to File. Defendants Citizens Bank ("Citizens") and Defendants Allegheny County Airport Authority ("Airport Authority") and Allegheny County Police ("County Police") responded by filing Motions to Dismiss Plaintiff's Second Amended Complaint. The remaining Defendants, Allegheny County Airport Police ("Airport Police") and the City of Pittsburgh Police ("City Police"), filed direct responses to Plaintiff's Motion for Leave to File.

1

Plaintiff was directed to respond to the Defendant's Motions by April 18, 2019. Apparently in lieu of such a response, Plaintiff submitted a letter to this Court dated April 29, 2019 ("April 29 Letter"). The letter, <u>inter alia</u>, indicates that Plaintiff "will not respond as to" the Defendants. Defendants' and Plaintiff's Motions are pending before the Court, and are ripe for review. For the following reasons, Plaintiff's Motion will be denied, and Defendants' granted. This matter will be dismissed with prejudice as against all Defendants.

I.     MOTIONS TO DISMISS SECOND AMENDED COMPLAINT

In deciding a motion to dismiss, all factual allegations, and all reasonable inferences therefrom, must be accepted as true and viewed in a light most favorable to the plaintiff. <u>Kamdem-Ouaffo v. Task Mgmt</u>., No. 17-7506, 2018 U.S. Dist. LEXIS 113899, at *19 (D.N.J. July 9, 2018). A claim is plausible on its face, and not subject to dismissal, "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Ashcroft v. Iqbal</u>, __U.S.__, 129 S. Ct 1937, 1949, 173 L. Ed. 2d 868 (2009) (citing <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 556, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). While "[t]he plausibility standard is not akin to a 'probability requirement' ... it asks for more than a sheer possibility...." <u>Id.</u> at 949.

Citizens, and the Allegheny County Police/Airport Police, have filed Motions to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6). Plaintiff's Second Amended Complaint raises allegations against Citizens only in his New Matter. Therein, Plaintiff's New Matter asks that this Court have Reed Smith removed as counsel for Citizens, because the receptionist allegedly sought to keep Plaintiff in the lobby where he might take ill, and because the firm's security director sent Plaintiff a cease and desist harassment letter. This Court is without authority to control a party's representation, under such circumstances, and Plaintiff states no cognizable claim to that extent.

A similar deficiency is apparent with respect to Plaintiff's claims against the Allegheny County/Airport Police. As Defendant points out, Plaintiff's Second Amended Complaint does not state any factual allegations against this Defendant, The Second Amended Complaint otherwise fails to cure the deficiencies identified in this Court's February 15 Order as regards these Defendants. Plaintiff's Second Amended Complaint against Citizens and the Allegheny County Police will be dismissed.

Neither the Airport Authority nor the City of Pittsburgh Police, both named in Plaintiff's Second Amended Complaint, have filed formal dismissal motions. They have, however, addressed deficiencies in Plaintiff's Second Amended Complaint in response to his Motion for Leave to Amend. It is apparent that Plaintiff's Motion for Leave to File Third Amended Complaint, filed the day after his Second Amended Complaint, created an ambiguity about the necessity of responding directly to Plaintiff's Second Amended Complaint. The City of Pittsburgh Police has, for example, stated that "[t]o the extent necessary," it moves to dismiss the Second Amended Complaint, and opposes the filing of Plaintiff's proposed Third Amended Complaint. Although the Court typically declines to consider requests for relief contained in briefs, these non-moving Defendants make clear that they challenge the sufficiency of Plaintiff's Second Amended Complaint.

Even if the Airport Authority and City of Pittsburgh Police were required to more formally respond to the Second Amended Complaint, "[a] district court may sua sponte dismiss a complaint for failure to comply with Rule 8… dismissal 'is usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised.'" Tillio v. Northland Grp., Inc., 456 F. App'x 78, 79 (3d Cir. 2012) (quoting Simmons v. Abruzzo, 49 F.3d 83, 86 (2d Cir. 1995)). "The Court of Appeals for

the Third Circuit has recognized that 'there are times when a court may sua sponte raise the issue of the deficiency of a pleading under Rule 12(b)(6),' provided the litigant is afforded 'notice and an opportunity to respond.'" Fino v. Key Bank, No. 00-375, 2001 U.S. Dist. LEXIS 24358, at *23 (W.D. Pa. July 27, 2001) (citing Roman v. Jeffes, 904 F.2d 192, 196 (3d Cir. 1990)). In this case, the moving Defendants addressed the deficiencies in Plaintiff's Second Amended Complaint; the non-moving Defendants did so in their responses to Plaintiff's Motion for Leave to Amend; and the alleged deficiencies are carryovers from Plaintiff's earlier pleadings, which were fully addressed by all Defendants and the Court. Plaintiff had ample notice and opportunity to respond regarding his failures to state a claim.

Previously, I noted that local police departments, including that of the City of Pittsburgh, are not proper defendants in a Section 1983 action. I further noted that the Airport Authority was immune from Plaintiff's claims. Plaintiff now claims that the Airport Authority singled him out and treated him, a "Negro Injun," differently from other permittees. He does not state any factual allegations against the City of Pittsburgh Police. His Second Amended Complaint does nothing to cure the defects identified in this Court's February 15 Order. Instead, the allegations of the Complaint, as regards these Defendants, continue to fall short of applicable pleading standards, for reasons similar to those previously stated by the Court.[1] Plaintiff has filed three different complaints in this action -- not including the one appended to his Motion for Leave to File – none of which have remained standing. Under the circumstances, dismissal is appropriate.

---

[1] Plaintiff states as follows: "It is his contention now, as it was in prior litigation [W.D.Pa. Docket No. 03-cv-1892], that Plaintiff was, and still is treated in a manner substantially different than other permittees…." Plaintiff's prior litigation named as Defendants the Airport Authority, the Airport Police, the Pennsylvania Public Utility Commission, and several individuals. The litigation concluded when this Court granted summary judgment in Defendants' favor, and the Court of Appeals affirmed.

4

## II.     MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT

Plaintiff has filed a Motion for Leave to File Third Amended Complaint. Plaintiff proposes a Third Amended Complaint, in which he sues all previously named Defendants, as well as newly proposed defendants Fairmont Hotel and Progressive Insurance Company ("Progressive").[2] Plaintiff, as in prior iterations of his complaint, proposes to seek one billion dollars in damages, as well as a cease and desist order against the Fairmont Hotel.

Pursuant to Fed. R. Civ. P. 15(a), leave to amend should be freely given when justice so requires. However, such leave need not be granted if amendment would be futile, insofar that the amended pleading would fail to state a claim upon which relief could be granted. Munsif v. Am. Bd. of Internal Med., No. 11-5949, 2012 U.S. Dist. LEXIS 128974, at *20 (E.D. Pa. Sep. 11, 2012). Plaintiff's Third Amended Complaint fails to cure the defects in his Second Amended Complaint against the existing Defendants; the Second Amended Complaint, as discussed supra, failed to cure the defects identified in Plaintiff's initial and First Amended Complaints. Following a Complaint, an Amended Complaint, and a Second Amended Complaint, Plaintiff has continued to fail to state a claim against Defendants under Rules 12(b)(6) and 8. The third amendment as against those Defendants, therefore, would be futile. Given that Plaintiff cannot proceed against the named Defendants, there is no extant pleading that is amenable to an amendment adding proposed claims against Fairmont Hotel and Progressive. The Motion for

---

[2] Plaintiff proposes to allege that the Fairmont Hotel "disparaged Plaintiff's business" by advising clientele that he was not licensed. He also states that the Fairmont Hotel called the police to deliver a no trespass warning, and that the police warning embarrassed Plaintiff while he was at Starbucks. In turn, Plaintiff contends that Progressive failed to provide the Airport Authority with a properly formatted notice of cancellation, "in a fashion suitable to" the Airport Authority.

5

Leave to File Third Amended Complaint will be denied, without prejudice as regards these proposed Defendants.

## CONCLUSION

Even taking into account liberal standards applicable to pro se litigants, Plaintiff's Second Amended Complaint fails to comply with pleading requirements, and fails to state a claim. Accordingly, the pleading must be dismissed as against all Defendants. As Plaintiff has already amended his complaint three times, the dismissal is with prejudice to press his claims in this Court. Further, Plaintiff's Motion for Leave to Amend his pleading must be denied as futile. Further, Plaintiff cannot pursue his stated grievances against the Fairmont Hotel and Progressive in connection with this particular lawsuit, which has been dismissed with prejudice. As to the Fairmont Hotel and Progressive, the denial is without prejudice to Plaintiff to pursue his claims against those entities in an appropriate manner and forum.

Plaintiff clearly feels that he has suffered grievous wrongs. Federal courts, however, are of limited jurisdiction; their authority to act is circumscribed by laws and rules. Despite repeated attempts and opportunities to do so, Plaintiff has not presented cognizable claims in accordance with applicable laws and rules.

An appropriate Order follows.

BY THE COURT:

*Donetta F. Ambrose*

_____

Donetta W. Ambrose
Senior Judge, U.S. District Court

Dated: 6/27/19

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HERBERT L. JOSEPH, III | ) |
| | ) |
|     Plaintiff, | ) No. 18-752 |
| | ) |
| v. | ) |
| | ) |
| ALLEGHENY COUNTY AIRPORT AUTHORITY, ALLEGHENY COUNTY AIRPORT POLICE, CITY OF PITTSBURGH POLICE, and CITIZENS BANK, | |
| | |
|     Defendants. | |

## ORDER

AND NOW, this 27th day of June, 2019, it is hereby ORDERED, ADJUDGEd, and DECREED that Defendants' Motions to Dismiss are GRANTED, and this matter is dismissed with prejudice as against all existing Defendants. Plaintiff's Motion for Leave to File Third Amended Complaint is DENIED, without prejudice to Plaintiff to attempt to seek redress against Fairmont Hotel and Progressive in an appropriate manner and forum.

                                      BY THE COURT:

                                      */s/ Donetta F. Ambrose*

                                      Donetta W. Ambrose
                                      Senior Judge, U.S. District Court